UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

UNITED STATES OF AMERICA,

                                                     Case # 15-CR-6133-FPG

v.

                                                   DECISION AND ORDER

KENNETH HARPER,
                    Defendant.
───────────────────────────────

      On November 20, 2015, Defendant Kenneth Harper pleaded guilty to one count of drug conspiracy and one count of possession of firearms in furtherance of a drug trafficking crime. *See* ECF No. 158; ECF No. 160 at 1-2. The Court sentenced Defendant to the mandatory minimums on both counts, to be served consecutively. *See* ECF No. 167, 168. On April 15, 2020, Defendant, acting *pro se*, filed a motion to reduce his sentence. ECF No. 185. For the reasons that follow, Defendant's motion is DENIED.

      Defendant's argument is not entirely clear. He cites 18 U.S.C. § 3582(c)(2) and Section 404 of the First Step Act as the grounds for his motion. The former provision permits a court to reduce a defendant's sentence if the original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). The latter provision makes retroactive certain amendments to the Controlled Substances Act ("CSA"). Those amendments increased the drug quantities necessary to trigger the mandatory minimums for offenses involving cocaine base. *See* First Step Act, Pub. L. No. 115-391; Fair Sentencing Act of 2010, Pub. L. No.111-220; *see also United States v. Luna*, No. 05-CR-58, 2020 WL 464778, at *2 (D. Conn. Jan. 29, 2020) (discussing history and purpose of the First Step Act).

      Defendant's reason for invoking these two provisions is unclear because neither applies to him. Section 3582(c)(2) does not apply where, as here, the defendant is sentenced to a statutory

1

mandatory minimum term of imprisonment.  *See United States v. Moore*, 337 F. App'x 75, 77 (2d Cir. 2009) (summary order) ("A defendant is ineligible for a modification of his sentence under § 3582(c)(2) where his sentence was based on the statutory mandatory minimum." (internal quotation marks and brackets omitted)); *see also* ECF No. 174 at 9-10.  The First Step Act does not apply to Defendant because his criminal conduct took place between 2014 and 2015, ECF No. 160 at 4, such that he was sentenced under the new, amended version of the CSA.  *See United States v. Dunnigan*, No. 15-CR-202, 2019 WL 4254028, at *2 (W.D.N.Y. Sept. 9, 2019) (stating that the First Step Act does not apply to a drug offense committed after August 3, 2010).

Defendant seems to be under the impression that the First Step Act modified the drug quantities necessary to trigger the 10-year mandatory minimum under 21 U.S.C. § 841(b)(1)(B)(iii).  *See* ECF No. 185 at 3.  This is incorrect.  Both before and after the enactment of the First Step Act, if a defendant with a prior felony conviction participates in a drug conspiracy involving "28 grams or more of a mixture or substance . . . [containing] cocaine base," he must be "sentenced to a term of imprisonment which may not be less than 10 years."  18 U.S.C. § 841(b)(1)(B); *see also id.* § 846 (stating that a drug conspiracy is subject to the same penalties as the substantive offense).[1]

Finally, Defendant identifies several reasons that, in his view, justify a reduction of his sentence, including (1) prison overcrowding, (2) his rehabilitation, and (3) his parents' medical needs.  *See* ECF No. 185 at 3-5.  In addition, the Court received a letter from Defendant's mother, who details their medical issues and asks that Defendant be released.  *See* ECF No. 187.

---

[1] The First Step Act did limit the provision in a different respect: the mandatory minimum now applies only to a defendant who was previously convicted of a "serious drug felony or serious violent felony," as opposed to any felony drug offense.  *See United States v. Williams*, No. 03-CR-795, 2019 WL 3842597, at *4 n.5 (E.D.N.Y. Aug. 15, 2019).  But this amendment does not benefit Defendant, as he was sentenced before the First Step Act was enacted and the amendment does not apply retroactively.  *See id.*

While the Court appreciates the difficult circumstances Defendant and his family face, this Court has no authority to "modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Lucas*, No. 15-CR-143, 2020 WL 2059735, at *1 (W.D.N.Y. Apr. 29, 2020) (internal brackets omitted). In this case, Defendant fails to identify any statute that would give the Court the authority to reduce his sentence based on the circumstances he presents.

Accordingly, Defendant's motion to reduce his sentence (ECF No. 185) is DENIED.

IT IS SO ORDERED.

Dated: May 20, 2020
       Rochester, New York

                                                  HON. FRANK P. GERACI, JR.
                                                  Chief Judge
                                                  United States District Court